UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRENTYN KOWITZ,

        Plaintiff,

v.

UNKNOWN LEMAIRE et al.,

        Defendants.

_____/

Case No. 1:22-cv-161

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss all of Plaintiff's claims against Defendants Unknown Parties, Second Shift Corrections Officers, for failure to state a claim. The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claim against Defendant LeMaire. Plaintiff's Eighth Amendment excessive force claim against Defendant LeMaire remains in the case. Additionally, Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.4) will be denied.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following LRF officials: Sergeant Unknown LeMaire and unnamed Second Shift Corrections Officers. (Compl., ECF No. 1, PageID.1.)

In Plaintiff's complaint, he alleges that on December 25, 2020, between 9:00 p.m. and 9:20 p.m., he "was involved in a[n] altercation with another inmate." (*Id.*, PageID.3.) During the altercation, Plaintiff received "2 stab wounds on [his] head and scratches on [his] neck." (*Id.*) After the altercation, Plaintiff "was handcuffed behind [his] back and taken to involuntary protective custody by Sgt. LeMaire." (*Id.*) Upon arrival at the segregation unit, another officer, Officer Moe, who is not named as a Defendant, "assi[s]t[ed] Sgt. LeMaire in evaluating [Plaintiff's] health status." (*Id.*)

Plaintiff "moved a little and Sgt. LeMaire slammed [him] face first onto the cement floor," and "[t]he force was so intense [Plaintiff] was knocked unconscious." (*Id.*) Plaintiff also "had bit[t]en through [his] lip and chipped a few of [his] front teeth." (*Id.*) Thereafter, Plaintiff "was escorted to medical to be evaluated," and "[i]t was deemed necessary for [him] to be transported to the hospital." (*Id.*) At the hospital, Plaintiff "received 4 staples on top of [his] head and 6 staples in the area where a piece of the weapon was removed from [his] head[, and he] also received 5 stiches in [his] lower lip." (*Id.*)

Sergeant LeMaire "still works at this facility and every time he sees [Plaintiff] he stares at [Plaintiff]." (*Id.*, PageID.4.) Plaintiff states that he "can't sleep at night for fear that [Sergeant LeMaire] will come take [Plaintiff] to segregation and inflict further harm to [Plaintiff]." (*Id.*) Plaintiff further states that he "fear[s] retaliation by [Sergeant LeMaire] and his co[-]workers." (*Id.*)

4

Plaintiff does not identify the specific constitutional rights that Defendants infringed; however, the allegations in his complaint implicate the protections of the Eighth Amendment and the First Amendment. As relief, Plaintiff seeks monetary damages, as well as injunctive relief. (*Id.*, PageID.5.)

## II. Request for the Appointment of Counsel

Plaintiff has requested the appointment of counsel. (ECF No. 1, PageID.4.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel is not necessary to the proper presentation of Plaintiff's position. Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.4) therefore will be denied.[2]

---

[2] In support of Plaintiff's request for the appointment of counsel, he states that the "law library at LRF has been closed since January 10th 2022," and he has "no access to [his] legal material or research in violation of the Director[']s Office Memorandum." (ECF No. 1, PageID.4.) To the extent that Plaintiff intended to raise a separate claim in this action regarding his inability to access legal materials and legal research, Plaintiff fails to state such a claim against the Defendants in this action because nothing in the complaint suggests that they were involved in any manner with Plaintiff's access, or lack thereof, to legal materials and research. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights).

### III.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Unknown Parties

In the case caption of Plaintiff's complaint, he appears to list unnamed Second Shift Corrections Officers as Defendants. (*See* ECF No. 1, PageID.1.) However, Plaintiff fails to mention these unnamed Second Shift Corrections Officers in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff's claims against the unnamed Second Shift Corrections Officers fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, Plaintiff fails to state a plausible claim upon which relief may be granted against Defendants Unknown Parties, Second Shift Corrections Officers.

### B. Eighth Amendment Excessive Force

Plaintiff alleges that Defendant LeMaire violated his rights under the Eighth Amendment when Defendant LeMaire used excessive force against him. (*See* Compl., ECF No. 1, PageID.3.)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene

society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Id.* at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided

that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 8-9.

In this action, Plaintiff alleges that, after he was in an altercation with another inmate, during which Plaintiff received "2 stab wounds on [his] head and scratches on [his] neck," Sergeant LeMaire took him into "involuntary protective custody" in the segregation unit. (Compl., ECF No. 1, PageID.3.) Sergeant LeMaire and another correctional officer, who is not named as a Defendant, then evaluated Plaintiff's "health status." (*Id.*) Plaintiff "moved a little and Sgt. LeMaire slammed [him] face first onto the cement floor," and "[t]he force was so intense [Plaintiff] was knocked unconscious." (*Id.*) Plaintiff also had "bit[t]en through his lip and chipped a few of [his] front teeth." (*Id.*) Thereafter, Plaintiff "was escorted to medical to be evaluated," and "[i]t was deemed necessary for [him] to be transported to the hospital." (*Id.*) At this stage of the proceedings, Plaintiff's allegations, taken as true and in the light most favorable to Plaintiff, are sufficient to state an Eighth Amendment excessive force claim against Defendant LeMaire.

### C.    First Amendment Retaliation

Plaintiff also alleges that he now "fear[s] retaliation by [Defendant LeMaire] and his co[-]workers." (Compl., ECF No. 1, PageID.4.) Plaintiff explains that Defendant LeMaire "still works at this facility and every time he sees [Plaintiff] he stares at [Plaintiff]." (*Id.*) Additionally,

Plaintiff states that he "can't sleep at night for fear that [Defendant LeMaire] will come take [Plaintiff] to segregation and inflict further harm to [Plaintiff]." (*Id.*)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In this action, Plaintiff engaged in protected conduct when he filed an administrative grievance (ECF No. 1-1, PageID.11–15) and a complaint with the Legislative Corrections Ombudsman (*id.*, PageID.9–10) regarding the incident with Defendant LeMaire. The filing of a nonfrivolous prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff also suffered adverse action. A person of ordinary firmness would likely be deterred from engaging in protected conduct if the person was slammed "face first . . . onto the concrete floor." (Compl., ECF No. 1, PageID.3.)

But Plaintiff has not, and cannot, show that the adverse action was motivated by the protected conduct because the adverse action preceded the protected conduct. Plaintiff alleges that he engaged in protected conduct—the filing of an administrative grievance and a complaint with the Legislative Corrections Ombudsman—after the adverse action—Defendant LeMaire's assault.

10

Plaintiff has failed to allege that he suffered any adverse action after he engaged in the protected conduct. Instead, Plaintiff alleges that he fears that Defendant LeMaire and his co-workers *may* retaliate against him at some unknown future date. Plaintiff's fears, without more, do not constitute "adverse action" by Defendant LeMaire.

Retaliation is easy to allege but it can seldom be shown by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)).

Here, Plaintiff fails to allege that any adverse action by Defendant LeMaire was motivated by Plaintiff's protected conduct. Plaintiff therefore fails to state a First Amendment retaliation claim.

## Conclusion

Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.4) will be denied. Furthermore, having conducted the review required by the Prison Litigation Reform Act, the Court determines that all of Plaintiff's claims against Defendants Unknown Parties, Second Shift Corrections Officers, will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim,

Plaintiff's First Amendment retaliation claim against Defendant LeMaire. Plaintiff's Eighth Amendment excessive force claim against Defendant LeMaire remains in the case.

    An order consistent with this opinion will be entered.


Dated:  March 25, 2022             /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   U.S. Magistrate Judge